THOMAS A. EDISON et al.

*v.*

MILLS-EDISONIA.

[Decided June 1st, 1908.]

1. Where, in a suit by Edison and corporations manufacturing and selling, by his authority, phonographs and kinetoscopes invented by him, seeking to restrain the use of the word "Edisonia" in the name of defendant corporation, engaged in conducting musical, phonographic and moving picture exhibitions, the bill alleged that because of said inventions by Edison, and that his name was universally associated with them in the public mind, and the fact that the Edison phonograph was manufactured and sold by complainant phonograph company, and because the kinetoscope was manufactured and sold by complainant Edison Manufacturing Company, and because of the use of "said" kinetoscope and phonographs by defendant, the public was led to believe that the arcades maintained by defendant were conducted by complainants, and that they were interested or in some way connected therewith, it would be presumed that the instruments exhibited in defendants' arcades were Edison machines.

2. Where defendant corporation became the owner, or legally possessed, of patented Edison phonographs and kinetoscopes, it was entitled to use such machines for public entertainment, and to advertise that the machines used were in fact Edison machines, both under the rule authorizing a statement of the truth in the conduct of a business, and the law with reference to the use of patented articles.

3. The right to describe an article by the trade-mark or patented name passes by implication of law to the person who purchases the article from the inventor or his assignee while the patent is in force, and passes to the general public after the patent has expired, on the ground of the assumed dedication of the name by which the patented article was known.

4. The use of the word "Edisonia" in the name of defendant corporation, Mills-Edisonia, organized for the purpose of conducting phonographic and moving picture exhibitions by the lawful use of Edison phonographs and kinetoscopes, was not calculated to mislead the public to believe that either Edison, or the other complainants, manufacturers under his authority of such phonographs and kinetoscopes, were in any manner interested in defendant corporation, or in its exhibitions, and did not constitute an infringement of any property right of the complainants or of any personal right possessed by complainant Edison, in his name.

5. A corporation which is lawfully using machines, the invention of an individual, has authority, implied from the purchase of the machines from the inventor or his grantees, to use the name of the inventor for the purpose of truly and properly describing the machines.

On bill and demurrer.

*Messrs. Hartshorne, Insley & Leake,* for the demurrant.

*Messrs. McCarter & English,* for the complainants.

EMERY, V. C.

The object of this bill is to enjoin a corporation from the use of the name by which it was incorporated. Defendant was incorporated under the General Corporation law March 10th, 1906, under the corporate name "Mills-Edisonia," for the purpose of conducting arcades, moving picture exhibitions, amusements, games, &c., with a capital stock of $3,000. The three incorporators were F. W. Mills, M. P. Mills and P. G. Klaub. This corporation has established in many cities and towns in the United States and other countries, places of amusement known as "penny arcades," which are fitted up with machines, in some of which kinetoscopic or moving picture exhibitions are given, and in others phonographs for reproducing music. Over the entrances to these "penny arcades" are displayed conspicuous signs of electric light globes, lighted at night, and made up of or containing the words "Mills-Edisonia" or "Mills Edisonia Co."

Thomas A. Edison, the individual complainant, is known throughout the business and scientific world as an inventor, and among his inventions are the phonograph and the kinetoscope. The National Phonograph Company, one of the corporate complainants, manufactures the phonographs invented by Edison, is the assignee of the trade-mark of Edison for the phonographs, and sells these phonographs by express permission and authority of Edison, and is his authorized agent for that purpose. The Edison Manufacturing Company, the other corporate complainant, manufactures the kinetoscopes invented by Edison, is the assignee of the Edison trade-mark for the manufacture, and manufactures and sells the same by Edison's express permission and is his authorized agent therefor.

The right of the complainant Edison to relief is based in the bill on the statement that when his name or any derivative of it is used in connection with any business, the public assumes that

he is interested in the business and is sponsor therefor, and that the articles used in the business were invented or manufactured by him, or that the business is in some way countenanced by him, and by reason thereof, "the value thereof is very greatly enhanced in the public mind." The National Phonograph Company, as its basis of claim, alleges that because of the great reputation the Edison phonographs have obtained and its extensive sales thereof, and its extensive use in the commercial world, the use of the name "Edison," or any of its derivatives, in connection with any business in which phonographs are employed, causes the public to assume that the phonographs used in said business are the Edison phonographs used and sold by it, and that the business is in some way connected with this phonograph company, and that it is sponsor thereof, and by reason of this "the value of said business is very greatly enhanced in the public mind."

The Edison Manufacturing Company make like allegation as to the use of the name "Edison" in connection with the kinetoscope. All three complainants then unite in the allegation (paragraph 8) that, because of the fact that these inventions, the phonograph and kinetoscope, were made by Edison, and his name is universally associated with them in the public mind, as is also the fact that the Edison phonograph is manufactured and sold by the phonograph company, and the kinetoscope by the Edison Manufacturing Company, and because also of the use of *said* kinetoscopes and phonographs in said penny arcades so conducted by defendant, "the public are led to believe that the arcades are being conducted by complainants and that they have an interest therein or are in some way connected therewith." They further allege that they have no connection with the corporation, have never authorized the use of the name, that defendant has adopted it without authority, because of the reputation of Edison and of the commercial value which attaches to the use of his name; that this is done without any compensation to complainants and "tends to deceive and defraud the public and to greatly injure the name and reputation of the complainant Edison." The relief sought is an injunction against continuing the use of the name or any of its derivatives in the cor-

porate title or in connection with the business or its advertisement, and from holding out in any way that complainants are connected with, countenance or stand sponsor for the business.

From this statement of the bill it is obvious that the improper use by defendant of complainant Edison's name, in unfair competition or. infringement of trade-marks, is not relied on, and that the claim for relief is not based on rights of this character. It is not claimed that defendant is engaged at all in the manufacture or sale of either phonographs or kinetoscopes, and it appears affirmatively that it is engaged in a business which none of the complainants are engaged in, viz., the use of machines for exhibition, and I think it must also be taken as appearing that the instruments used for exhibition by defendant are those manufactured and sold by the corporate complainant. In view of the allegation in the bill that *"said* kinetoscopes, &c., are used," this must be the inference in the absence of any direct allegation that the instruments used are not the Edison phonographs and kinetoscopes, and that the sign and name are on that account fraudulent. Assuming that the defendant owns, or has properly and legally possession of, the Edison machines, by purchase or otherwise, then the right to use the machines for public entertainment passes with the purchase or other legal possession. It must be assumed that part of the value realized by complainants on the manufacture and sale of the inventions is derived from the adaptability to this public use. With this right so to use the machines, goes also the right to advertise that the machines used are in fact the Edison machines. This results not only from the general rule of law authorizing the statement of the truth in the conduct of a business, but from the special principles relating to the use of patented articles. The right to describe the article by the trade-mark or patented name must pass by implication of law, as it seems to me, to the person who purchases from the inventor or his assignee, while the patent is in force, and that it passes to the general public after the patent has expired, on the ground of an assumed dedication of the name by which the patented article was known, is settled by the highest authority. *Singer Manufacturing Co.* v. *June Manufacturing Co., 163 U. S. 169 (1896).* No manufacture or sale of the

machines appear to be intended by this defendant, and its right to conduct its business of exhibiting the machines by properly advertising that it exhibits the Edison machines (which presumably it has purchased directly or indirectly from the complainants themselves) cannot be enjoined.   To hold that a proper use of the name of Edison as describing the character of the machines exhibited can be enjoined, would probably result in continuing indefinitely and as a property right, the use of a name which was protected for a limited period, under the patent laws, against the general public, and for which use the public, by the privileges given under the patent laws, have made a compensation that entitled them to the proper use of the name after that period.

The substantial question, therefore, is whether the mere use of the word "Edisonia," or the manner in which it is used, by a company which has the right to exhibit the Edison phonographs and kinetoscopes, and which intends to exhibit genuine instruments, is such use as to infringe any property right of either of the complainants or any personal right of the individual complainant Edison.   The case differs from *Edison Storage Battery Co.* v. *Edison Automobile Co., 67 N. J. Eq. (1 Robb.) 44 (1904),* where the use of the name of Edison in the corporate name was enjoined by Vice-Chancellor Pitney, because one of the objects for which the defendant was incorporated was the manufacture of storage batteries of complainant, and the circumstances showed that the purpose of using the name was to obtain in their business of selling automobiles, and in competition with complainant, the benefit of the name of Edison, who had assigned his storage battery for automobiles to complainant.   In *Edison* v. *Edison Polyform Co., 73 N. J. Eq. (3 Buch.) 136 (July, 1907),* Vice-Chancellor Stevens, on the application of present complainant, enjoined the use of his name in the defendant's corporate name, because on all the facts of the case it appeared that this use of the name was part of a fraudulent contrivance of the company in connection with the use of certificates appearing to be signed by him, and of his pictures, to lead the public to believe that Edison was connected with the business.

There are no circumstances here showing that any fraud on the public is intended by exhibiting as Edison instruments those which are not such, and the injury to the public is alleged to be that by the defendants' manner of using this name, the public are led to believe that in some way the complainants are connected with this business.

This general allegation of the bill is not of itself sufficient, unless made in connection with such specific allegations as will enable the court to judge whether there is any reasonable ground for alleging that the public are likely to be so deceived by the representation. The only specific allegation here made is that of the use of the word "Edisonia" in the corporate name and in the advertisements or signs, and the whole question, therefore, is can it be reasonably said that by this use the public are reasonably entitled to believe that either of the complainants are connected with the business. As to the National Phonograph Company the use of the word would seem to be no basis whatever for supposing them to be connected with the exhibition business, nor as to the Edison Phonograph Works, which is apparently the name of a manufacturing company. ·Complainant Edison stands in a different relation, of course, because his well-known name is used as part of the entire word "Edisonia," but even as to him the inference that by the mere use of the word "Edisonia" the public would believe him to be connected with this business of exhibiting his machines, seems to me to be a strained one. The name in this form indicates, if it has any descriptive meaning, things made by Edison, or Edison's instruments, and it cannot be reasonably supposed that this name, even if used alone, would refer to anything except to describe the instruments, and I think it would not of itself to any reasonable person indicate that Edison was personally connected with the company, even if without the prefix "Mills-Edisonia." The addition of this prefix of a proper name makes the name even less likely to indicate Edison's personal connection with the company. In *Edison* v. *Hawthorne, 106 Fed. Rep. 172; affirmed on appeal, 108 Fed. Rep. 839 (1901)*, it was held that the words "Edison Phonograph Agency" in defendants' sign did not indicate that defendants were agents of Edison, but that it was an agency for

the sale of Edison phonographs, and that complainant had no right to enjoin the continued use of the name even by persons who had formerly been his agents. Edison's claim for relief must therefore be based, not on the protection of any property right, but on his personal right to enjoin the use of his name, or any plain derivative of it, by any corporation with which he was not personally connected. No court has ever yet gone to this extent and in our decisions the question of the existence of such personal right, as distinct from a property right, has been reserved. *Vanderbilt* v. *Mitchell, 72 N. J. Eq. (2 Buch.) 910 (Court of Errors and Appeals, 1907)*; *Edison* v. *Edison Polyform Co., supra, 143.*

In this case there exists a circumstance which specially affects the protection of any merely personal right, and that is that if the defendant is lawfully using and exhibiting Edison's inventions, the authority to truly and properly describe them as such, including the use of Edison's name for that purpose, must be considered as given to it by Edison, and under the authority of Edison himself, implied by the purchase of the machines from him or his grantees. If having sold the machines to exhibitors, Edison or his grantees can now enjoin any proper descriptive use of Edison's name by the purchasers, the legal situation would be that the vendors have on the sale retained a right to control to that extent the conduct of defendant's business in the use of their machines. Such right in vendors, under the patent or trade-mark laws, is absolutely new in our law, and might practically lead to an indefinite extension of the benefit of some of the privileges of those special laws. The demurrer will be sustained.